FILED
2024 Mar-26  AM 09:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **JAMES HEATH BAKER, and** | ) | |
| **SELINA DANIELLE BAKER,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.** |
| | ) | |
| **WALMART, INC.; CROWN** | ) | |
| **EQUIPMENT CORPORATION;** | ) | |
| **and/or Fictitious Defendants 1-30,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT CROWN EQUIPMENT CORPORATION'S**
**NOTICE OF REMOVAL**

Defendant, Crown Equipment Corporation ("Crown"), pursuant to 28 U.S.C. § 1441 and § 1332, with full reservation of all defenses, gives notice that this cause is removed from the Circuit Court of Cullman County, Alabama, Case No. CV-2024-900062, to the United States District Court for the Northern District of Alabama, Northeastern Division. In support of its Notice of Removal, Crown states:

**I.      PLEADINGS**

1.      This lawsuit is a civil action within the meaning of the Acts of Congress relating to the removal of causes and arises out of injuries allegedly sustained by Plaintiffs James Heath Baker ("Mr. Baker") and Selina Danielle Baker (Ms. Baker") (collectively "Plaintiffs"), on or about February 26, 2022, in connection with a forklift allegedly sold and manufactured by Crown. *See* Compl. ¶¶ 22, 34.

2.      The Complaint alleges causes of action against two out-of-state corporations (Crown and Walmart). *See generally*, Compl.

3.      Pursuant to 28 U.S.C. § 1446, Crown attaches to this Notice of Removal a copy of the state court docket and of all process, pleadings, and orders and other papers or exhibits, presently on file in the state court. *See* **Composite Exhibit A** attached.

4.      Providing such materials pursuant to Section 1446(a) shall not be construed as a waiver of Crown's defenses in this action.

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

**II.      REMOVAL IS PROPER IN THIS CASE**

**A.      There is Complete Diversity Amongst the Parties.**

6.      Plaintiffs' Complaint indicates that Mr. Baker and Ms. Baker are citizens of Alabama. *See* Compl. ¶ 1.

7.      Plaintiffs' Complaint indicates that Walmart Inc. ("Walmart") is a Delaware corporation with its principal place of business in Arkansas. *See* Compl. ¶ 3. Thus, Walmart is a citizen of Delaware and Arkansas for diversity purposes.

8.      Crown is an Ohio corporation with its principal place of business in the State of Ohio, and thus a citizen of Ohio for diversity purposes.

9.      Fictitious defendants are not considered for diversity purposes. *See* 28 U.S.C. § 1441(b)(1).

10.      Because Plaintiffs are citizens of Alabama, and no Defendant is a citizen of Alabama, complete diversity exists under 28 U.S.C. § 1332.

**B.      Removal is Timely and the Amount of Controversy Exceeds $75,000**

11.    This Notice of Removal is timely filed, as it was filed within 30 days of Crown being served.

12.    The Complaint was formally served on Crown on February 23, 2024. *See* **Exhibit B** attached.

13.    Co-Defendant Walmart consents to this removal.

14.    Thus, this Notice of Removal is timely filed within 30 days of formal service under 28 U.S.C. § 1446(b). *See, e.g.*, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (receipt of summons and complaint simultaneously triggers the removal time frame; mere receipt of the complaint does not trigger the removal timeframe).

15.    Venue is proper in the Northeastern Division of this Court pursuant to 28 U.S.C. § 1441(a), because actions are removable from the state court "to the district court of the United States for the district and division embracing the place where such action is pending." *Global Satellite Commun. Co. v. Starmill U.K. LTD*, 378 F.3d 1269, 1271 (11th Cir. 2004) (quoting 28 U.S.C. § 1441(a)).

16.    On its face, Plaintiffs' Complaint does not assert the amount in controversy. *See generally*, Compl.

17.    However, Mr. Baker alleges he has endured and will continue to endure significant pain and suffering, permanent physical injuries to his foot and leg, mental anguish and emotional distress (including PTSD), and is permanently and totally disabled as he can no longer perform his former job and is unable to perform reasonably gainful employment as a result of the accident. *See* Compl. ¶¶ 16, 19, 31, 41, 49. Further, Mr. Baker alleges he has incurred and will continue to incur medical expenses, lost wages, and a loss of employment benefits relative to his mental and physical injuries, now and in the future. *See* Compl. ¶¶ 31, 41, 49.

18.     Ms. Baker alleges that the significant injury to Mr. Baker's left foot, and ongoing infections, surgeries, amputations, rashes, swelling, pressure sores, and other medical conditions resulting directly from the injury to his left foot, has caused him to lose the ability to partake in household chores, work his normal hours, and perform in his marital duties. *See* Compl. ¶ 52. Thus, Ms. Baker alleges she has suffered, is suffering, and will continue to suffer the loss of service, society, consortium, and comfort of Mr. Baker. *See* Compl. ¶ 53.

19.     As provided in the Affidavit of Crown's counsel, Michael J. Wiggins ("Wiggins Aff."), attached as **Exhibit C**, similar jury verdicts and a reasonable interpretation of the nature of Plaintiffs' allegations and claimed injuries and damages demonstrate that Plaintiffs seek an amount that exceeds the sum of $75,000.

20.     Therefore, the amount in controversy requirement for removal under 28 U.S.C. § 1332 has been satisfied.[1]

### C.     All Prerequisites for Removal Have Been Satisfied.

21.      Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action will be promptly served to Plaintiffs' counsel.

22.     Concurrent with the services of this Notice of Removal, Crown will file and serve a Notice of Filing the Notice of Removal, including a true and correct copy of the Notice of

---

[1] Pursuant to *Pretka v, Kolter City Plaza, II, Inc*., 608 F. 3d 744, 751 (11th Cir. 2010), courts may factor in evidence regarding the amount in controversy when a complaint does not contain a specific amount of damages. One possible form of evidence that is allowed is affidavits and declarations. *Id*. at 755. *See also Williams v. Best Buy Co.*, 269 F. 3d 1316 (11th Cir. 2001) (If the amount in controversy is not "facially apparent" then the Court may consider additional evidence to determine the amount of controversy); *Harris v. JLG Indus.,* No. 15-00365-KD-B, 2016 U.S. Dist. LEXIS 9195, at *11 (S.D. Ala. Jan. 11, 2016) (observing the amount in controversy exceeding "$75,000 is readily deducible as [Plaintiff] alleges that he was run over by a forklift" and alleges left ankle and foot injuries).

Removal, with the Clerk of Court of the Circuit Court of Cullman County, Alabama. *See* **Exhibit D** attached.

23.     The undersigned counsel is authorized by Crown to file this Notice of Removal and is licensed in the State of Alabama and is a member of the Bar of this Court.

### III.     CONCLUSION

24.     Because complete diversity between Plaintiffs and Defendants exists and the amount in controversy exceeds the sum of $75,000, removal to this Court is proper.

25.     Therefore, this Court should exercise its diversity jurisdiction over the causes of action brought by virtue of Plaintiffs' Complaint, pursuant to 28 U.S.C. § 1332 and § 1441.

WHEREFORE, Defendant Crown Equipment Corporation, respectfully removes this action from the Circuit Court of Cullman County, Alabama to this Court pursuant to 28 U.S.C. § 1332 and § 1441, and requests that this Court assume full jurisdiction over the cause as provided by law.

DATE: March 25, 2024                    Respectfully submitted,


*/s/Michael J. Wiggins*
MICHAEL J. WIGGINS, ESQ.
Alabama Bar No.: 2537-l71M
PHILIP E. KEGLER, ESQ.
Alabama Bar No.: 8828Q-14G
MCDONALD TOOLE WIGGINS, P.A.
111 N. Magnolia Avenue
Suite 1200
Orlando, FL 32801
Telephone: (407) 246-1800
Facsimile: (407) 246-1895
Primary Service Email:
bakervcrown@mtwlegal.com
Secondary Service Email:
mwiggins@mtwlegal.com
mcorrenti@mtwlegal.com

pkegler@mtwlega.com
*Attorneys for Defendant, Crown Equipment*
*Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 25, 2024, the foregoing was electronically filed with

the Clerk of the Court via the CM/ECF system, which will send a notice of electronic filing to the

following counsel of record:

James C. King, Esq., The King Law Firm, LLC, 1824 3rd Ave. S., Jasper, AL 35501; jimmy@jasperlawyers.com; *Counsel for Plaintiff*

Gaynor St. John, Esq., St. John & St. John, LLC, gaynor@stjohnfirm.com, *Co-Counsel for Plaintiff*

P. Vaughan Russel, Jr., Esq., Webster Henry, Two Perimeter Park South, Suite 445 East, Birmingham, Alabama 35243, vrussell@websterhenry.com, *Counsel for Co-Defendant*

*/s/Michael J. Wiggins*

MICHAEL J. WIGGINS, ESQ.
Alabama Bar No.: 2537-l71M
PHILIP E. KEGLER, ESQ.
Alabama Bar No.: 8828Q-14G
MCDONALD TOOLE WIGGINS, P.A.
111 N. Magnolia Avenue
Suite 1200
Orlando, FL 32801
Telephone: (407) 246-1800
Facsimile: (407) 246-1895
Primary Service Email:
bakervcrown@mtwlegal.com
Secondary Service Email:
mwiggins@mtwlegal.com
mcorrenti@mtwlegal.com
pkegler@mtwlega.com
*Attorneys for Defendant, Crown Equipment*
*Corporation*